IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHESTER FINNEY, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-159 |
| BRIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Chester Finney, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants, including the Richard P. LeBlanc Unit and the University of Texas, Medical Branch ("UTMB"). The claim against the Richard P. LeBlanc Unit will be construed as a claim against the Texas Department of Criminal Justice ("TDCJ").

Discussion

Under the Eleventh Amendment to the Constitution, states and their agencies may not be sued unless they have consented to the particular type of suit. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars suits against a state or its agencies regardless of the relief sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (*en banc*). TDCJ and UTMB are agencies of the State of Texas and would thus be immune from suit under the Eleventh Amendment. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB as a state agency is immune from suit under the Eleventh Amendment); *Harris v. Angelina Cty., Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994)) (TDCJ is immune from suit under the Eleventh Amendment).

For the reasons set forth above, the Eleventh Amendment bars plaintiff's claims against TDCJ and UTMB. As a result, the claims against them should be dismissed for lack of subject-matter jurisdiction

Recommendation

The claims against TDCJ and UTMB should be dismissed for lack of subject-matter jurisdiction.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 22nd day of February, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE