IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHESTER FINNEY, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-159 |
| BRYAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Chester Finney, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against several defendants, including Bryan Collier and Michael Metcalf. Defendant Collier is the executive director of the Texas Department of Criminal Justice. Defendant Metcalf is a correctional officer. This matter was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a joint Motion to Dismiss filed by Defendants Collier and Metcalf pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #39.)

Factual Allegations

Plaintiff states he was transferred to the LeBlanc Unit after sustaining an injury. He alleges Defendant Collier and the administration at the unit turned off the air conditioning in three buildings at the unit. He states the air conditioning was turned off for three to five days when the temperature was well above 88 degrees. Plaintiff asserts that his need for air conditioning was ignored.

Plaintiff further alleges a unit "shakedown" took place at the LeBlanc Unit. He states Defendant Metcalf searched his legal box without him being present, in violation of prison rules. Plaintiff contends Defendant Metcalf confiscated a notebook containing an invention for which Plaintiff had not yet obtained a patent. Plaintiff states that while the material was described as contraband, prison rules did not prevent him from possessing it. Plaintiff alleges Defendant Metcalf

stole his invention, which was later obtained by the Gavin Newsom, the governor of California.[1] Plaintiff states Governor Newsom used his invention to create the Fair Pay to Play Act.[2]

## The Motion to Dismiss

Initially, Defendants Collier and Metcalf assert that as Plaintiff fails to allege he suffered a physical injury, 42 U.S.C. § 1997e(e) prevents him from receiving compensatory damages. In addition, Defendant Collier argues the claim against him should be dismissed because Plaintiff has failed to show he was personally involved in the alleged constitutional violation. Finally, both Defendants contend they are entitled to qualified immunity.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not state enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### *Claim Against Defendant Collier*

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801

---

[1] Plaintiff also named Governor Newsom as a Defendant. The court previously severed the claim against Governor Newsom into a separate lawsuit (Doc. #29.).

[2] California enacted the Fair Pay to Play Act on September 30, 2019. *In re National Collegiate Athletic Association Grant-in-Aid Cap Litigation*, 958 F.3d 1239, 1252 (9th Cir. 2020). The Act, which took effect on January 1, 2023, required the National Collegiate Athletic Association and its member institutions to permit student athletes to earn compensation from the use of their names, images and likenesses. *Id*.

F.2d 789, 793 (5th Cir. 1986). Plaintiff states in conclusory fashion that Defendant Collier and the administration at the LeBlanc Unit turned off the air conditioning in three buildings. However, he does not state Defendant Collier was present at the unit or ordered officials there to turn off the air conditioning. Plaintiff's allegations do not state what actions Defendant Collier took to turn off the air conditioning or state why Plaintiff believes this action was taken by Defendant Collier. As a result, Plaintiff has failed to demonstrate Defendant Collier was personally involved in turning off the air conditioning.

Plaintiff states that as the executive director of the Texas Department of Criminal Justice, Defendant Collier is responsible for the operation of each prison unit. As a result, Plaintiff may be attempting to assert a claim against Defendant Collier based on the actions of his subordinates. However, under Section 1983, supervisory officials are not liable for acts of their subordinates under any theory of vicarious liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only for implementing a policy that repudiates constitutional rights and which is the moving force behind the harm suffered by the plaintiff. *Id*.

Plaintiff has not identified a policy implemented by Defendant Collier that led to the harm he suffered. As Plaintiff has failed to demonstrate Defendant Collier was personally involved in the actions he describes or that Defendant Collier implemented a policy which resulted in harm, Plaintiff has failed to assert a claim against Defendant Collier upon which relief may be granted.

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the

violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Claim Against Defendant Metcalf*

Plaintiff alleges Defendant Metcalf improperly confiscated and stole his property. However, deprivations of property by prison officials, whether intentional or as a result of negligence, do not violate the Due Process Clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981) (negligent deprivations of property). Post-deprivations remedies "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Plaintiff asserts that the property stolen was not contraband under prison rules. Plaintiff is therefore not asserting Defendant Metcalf was acting in accordance with established state procedures. As a result, the confiscation of Plaintiff's property did not violate his right to due process because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Plaintiff's allegations fail to establish a constitutional violation by Defendant Metcalf. He is, therefore, entitled to dismissal based on qualified immunity.[3]

---

[3] The conclusions reached above pretermits consideration of the other arguments for dismissal asserted by Defendants Collier and Metcalf.

<u>Recommendation</u>

The Motion to Dismiss filed by Defendants should be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 11th day of January, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE